UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 12-21183-CIV-SEITZ/SIMONTON

WILLIAM LAPIDUS,

    Plaintiff,

v.

NCL AMERICA LLC, aka NCL AMERICA, *et al.*,

    Defendants.
_____/

## ORDER GRANTING NCL AMERICA'S MOTION TO DISMISS

THIS MATTER came before the Court upon Defendant NCL America's ("NCL") Motion to Dismiss the Amended Complaint. [DE 8]. While Plaintiff was a passenger on NCL's ship, *Pride of America,* he participated in an excursion in Volcanoes National Park in Hawaii. The excursion was owned and operated by Defendants XYZ Excursion Owner, XYZ Excursion Operator, and XYZ Corporation (the "Excursion Entities"), who are unknown entities. During the excursion, Plaintiff suffered a heart attack. NCL moves to dismiss all claims against it.

The Court will grant NCL's Motion to Dismiss and permit Plaintiff to replead some of the dismissed claims. Plaintiff fails to sufficiently allege facts to support his conclusory negligence claim against NCL (Count I). If there are facts to support his claim, Plaintiff may replead this count, but not all sub-claims of negligence. Plaintiff's negligence sub-claims that seek to hold NCL liable for the Excursion Entities' alleged failure to provide adequate medical care and that imply that NCL has a duty to provide medical care to its passengers are dismissed with prejudice because, as a matter of law, NCL does not owe these duties to Plaintiff. Additionally, Plaintiff's claim that NCL violated the International Safety Management ("ISM") Code is dismissed with prejudice as this allegation

1

cannot form the basis for a negligence claim. Moreover, Plaintiff's claim that he was a third party beneficiary of a contract between NCL and the Excursion Entities(Count V) must be dismissed for failure to state a claim, but with leave to replead. Finally, although Plaintiff's claims for apparent agency and joint venture (Counts III and IV) are adequately pled, they seek to hold NCL liable for the Excursion Entities' allegedly negligent actions, but Plaintiff fails to state a claim for negligence. Thus, the claims for apparent agency and joint venture are also dismissed with leave to replead consistent with this Order.

## I. BACKGROUND[1]

Plaintiff was a passenger on the NCL America ship *Pride of America* when he decided to participate in the Volcanoes National Park excursion ("the excursion") while the ship was docked in Hawaii. NCL marketed the excursion using its company logo and maintained an excursion desk on the ship where it offered and sold the excursion, provided information about the excursion, and answered questions concerning the excursion. Plaintiff maintains that NCL assigned the shore excursion a level "1" label identifying it to Plaintiff and other passengers as an easy, inactive excursion that posed little or no hazard or danger to passengers. NCL sold Plaintiff a ticket for the excursion while he was onboard the *Pride of America*, and Plaintiff received a receipt for payment from NCL. Plaintiff had a heart attack while on the excursion.[2]

---

[1] Unless otherwise noted, the factual background is derived from Plaintiff's Amended Complaint [DE 4] as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).

[2] In the Amended Complaint, Plaintiff does not plead any specific facts to describe the excursion or a danger he encountered on it that was not open and obvious. However, in Plaintiff's Response to NCL's Motion to Dismiss, Plaintiff contends that "[d]uring the course of the excursion at Volcano National Park, Plaintiff was required to climb steep steps out of a Lava Tube, without adequate assistance. Due to the extreme conditions inside the Lava Tube, Plaintiff was unable to breath, [*sic*] ultimately collapsing and suffering a heart attack." [DE 20 at 2]. In a footnote, Plaintiff provides a description of a lava tube and cites to a government website. [*Id.* at fn. 2]. Also,

Thereafter, Plaintiff sued NCL and the unnamed Excursion Entities alleging that his heart attack was caused by Defendants' negligence. Specifically, in Count I, Plaintiff asserts 38 negligence sub-claims against NCL. [DE 4 at ¶ 33]. In Count II, Plaintiff claims that the Excursion Entities were negligent and asserts 37 sub-claims. In Count III, Plaintiff maintains that the Excursion Entities were NCL's apparent agents or agents by estoppel. In Count IV, Plaintiff contends that NCL and the Excursion Entities engaged in a joint venture. Lastly, in Count V, Plaintiff claims that she is a third party beneficiary of a contract between NCL and the Excursion Entities that was breached. NCL moves to dismiss all claims against it.

## II. DISCUSSION

### *A. Legal Standard*

A Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted" tests the sufficiency of the allegations in the complaint. FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, the Court accepts the well-pleaded factual allegations as true and construes them in the light most favorable to the Plaintiff. *Speaker v. U.S. Dept. of Health and Human Serv.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss, a "complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

in the Response, Plaintiff is described as "an elderly gentlemen of limited physical prowess." [*Id.* at 1]. However, these allegations are not in the Amended Complaint, and accordingly, the Court will not consider them in ruling on the Motion to Dismiss. If Plaintiff repleads his negligence claim, he should use facts rather than adjectives such as "extreme" or "elderly."

3

alleged." *Iqbal*, 129 S.Ct. at 1949. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (*citing Twombly*, 550 U.S. at 555).

### B. NCL's Motion to Dismiss

#### 1. Negligence Against NCL (Count I)

NCL asserts that the negligence claim against it should be dismissed. The Court agrees. Plaintiff's negligence claim, as pled in the Amended Complaint, is fundamentally flawed as Plaintiff fails to allege any facts to support that there was a danger present on the excursion that (1) NCL knew about; (2) was not open and obvious to Plaintiff; and (3) NCL should have reasonably foreseen could cause a passenger to have a heart attack and did cause Plaintiff's heart attack.

**a. Open and Obvious Condition**

As a preliminary matter, NCL argues that it is entitled to dismissal of Plaintiff's negligence sub-claims concerning the "high amounts of sulphur dioxide gas" present on the excursion because it has no duty to warn Plaintiff of naturally-occurring geographic conditions that are open and obvious. However, because Plaintiff fails to plead any facts that show that "high amounts of sulphur dioxide gas" create an unreasonable risk of harm, the Court cannot begin to consider whether the presence of the gas is open and obvious or requires a warning from NCL. Thus, Plaintiff must replead before the Court will address NCL's argument that the gas is open and obvious.

**b. Duty of Care, Breach, and Causation**

Although Plaintiff asserts that NCL breached thirty eight duties of care, [DE 4 at ¶ 33], the Amended Complaint is devoid of factual allegations to support the negligence sub-claims. In *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959), the U.S. Supreme

Court held that "the owner of a ship in navigable waters owes to all who are on board . . . the duty of exercising reasonable care under the circumstances of each case." This "standard [] requires, as a prerequisite to imposing liability that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *O'Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

Although Plaintiff pled, in a conclusory manner, that there were "high amounts of sulphur dioxide gas" present during the excursion, he fails to allege that the levels were unreasonably dangerous or that NCL knew or should have known about the unreasonably dangerous levels of gas present.[3] Moreover, to the extent Plaintiff contends that physical exertion he endured on the excursion, such as climbing steep steps, triggered his heart attack, [DE 20 at 2], such conditions are likely open and obvious and do not require a warning. Additionally, there are no allegations as to any prior practices or behavior of the Excursion Entities that would have put NCL on notice of unreasonable dangers associated with the excursion that could trigger a heart attack. Moreover, as to causation, there are no facts in the Amended Complaint to suggest that a danger Plaintiff encountered on the excursion, that was not open and obvious, triggered his heart attack. Plaintiff must plead a causal connection between his heart attack, which can be caused by many factors, including an existing health condition, and an external danger that Plaintiff experienced on the excursion. Thus, because Plaintiff fails to plead facts to support a legal duty, breach of the duty, and

---

[3] Where, as here, the allegedly high amounts of sulphur dioxide gas were present in a national park, and the park did not close and instead permitted visitors, on the face of the Amended Complaint and construing the pleading in the light most favorable to Plaintiff, there are no facts that would put NCL on notice that the gas posed an unreasonable danger to Plaintiff.

causation, his negligence claims must be dismissed. With the exception of the negligence sub-claims discussed below, Plaintiff may replead if he has sufficient facts to support a claim for negligent failure to warn as to NCL.

Plaintiff's negligence sub-claims that seek to hold NCL liable for the Excursion Entities' alleged failure to provide adequate medical care, first responders, and to utilize first aid equipment are dismissed with prejudice because, as a matter of law, NCL does not owe these duties to Plaintiff. For the same reason, Plaintiff's direct negligence claims against NCL that imply a duty on NCL's part to provide medical care are also dismissed with prejudice. A carrier has no duty to furnish a doctor for its passengers' use. *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1371-72 (5th Cir. 1988). It "does owe its sick and injured passengers a duty to exercise reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances." *Id.* at 1372.

Here, Plaintiff seeks to hold NCL liable for the Excursion Entities' alleged failure to provide adequate medical care, first responders, and to utilize first aid equipment. [DE 4 at ¶¶ 33o, 33p]. NCL cannot be held vicariously liable for negligence on the part of the Excursion Entities for failure to render adequate medical care, even assuming the Excursion Entities had a legal duty to Plaintiff to provide medical care. *Barbetta*, 848 F.2d at 1372.[4] Notably, the cases that stand for this proposition involve doctors who worked on board ships. *See id.*; *Lobegeiger v. Celebrity Cruises, Inc.*, 2011 U.S. Dist. LEXIS 93933, at *25-*26 (S.D. Fla. August 23, 2011) (collecting cases). If

---

[4] While this Court has held that a cruise line may be vicariously liable for the conduct of the ship's doctor under an apparent agency theory, *Rinker v. Carnival Corp.*, 2010 U.S. Dist. LEXIS 144190, at *11-*12 (S.D. Fla. June 18, 2010), there are no allegations in the Amended Complaint that NCL made manifestations that medical personnel Plaintiff could encounter in Hawaii, while he was on the excursion, were agents of NCL.

cruise lines cannot be held liable for the actions of shipboard doctors, they most certainly cannot be held liable for alleged actions of medical personnel on land, over whom they have no control.

Moreover, Plaintiff's assertions that NCL is negligent for failure to have its own adequate first responders, to ascertain dangers and risks to passengers on the excursion in the event of medical emergencies, to warn passengers of the inaccessibility to adequate emergency medical around the excursion area, to promulgate and enforce adequate polices and procedures with regard to first responders, medical care, and medical emergencies on excursions, to ascertain the inaccessibility to and quality of emergency medical care around the area where the excursion took place, [DE 4 at ¶¶ 33n, 33q, 33r, 33s, 33t, 33aa, 33bb], also imply that NCL has a duty to provide medical care to its passengers and/or to ensure access to and quality of medical care to its passengers. These allegations must be dismissed as a matter of law because a cruise line has no duty to provide doctors or other medical personnel as a ship is not a "floating hospital." *Barbetta*, 848 F.2d at 1369-70. Thus, NCL cannot be held liable for allegedly failing to fulfill a duty to provide medical care that it does not owe to passengers, regardless of whether the passengers are on the ship or on land participating in an excursion. Accordingly, Plaintiff's allegations contained in paragraphs 33n, 33o, 33p, 33q, 33r, 33s, 33t, 33aa, 33bb are dismissed with prejudice.

Plaintiff's allegations that NCL failed to provide prompt, proper, and adequate first aid to Plaintiff and that NCL failed to assist Plaintiff to obtain proper medical care on a timely basis [DE 4 at ¶¶ 33u, 33v] are dismissed, with leave to replead. As currently pled, Plaintiff's allegations are too conclusory to state a claim for a breach of NCL's duty to provide Plaintiff with prompt and adequate first aid assistance and/or medical care. The facts to support such a claim would be within Plaintiff's knowledge. In the event that there are facts that could implicate NCL's duty to "its sick

7

and injured passengers [] to exercise reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances," *Barbetta*, 848 F.2d at 1372, the Court will grant leave to replead. The factual allegations must indicate that NCL had control over whether Plaintiff received aid or assistance before a duty is created.

### c. Violation of ISM Code

Plaintiff also claims that NCL violated the ISM Code. [DE 4 at ¶ 35]. NCL seeks dismissal on the ground that the ISM Code cannot be the basis for a negligence claim. [DE 8 at 7]. This claim must be dismissed with prejudice. Plaintiff has not provided any binding legal authority that establishes that the ISM created any duties that NCL owed to Plaintiff and, as such, it cannot be a basis for a negligence claim. *Rinker v. Carnival Corp.*, 753 F.Supp.2d 1237, 1243 (S.D. Fla. 2010). Although Plaintiff contends that "the ISM code is pled in support of negligence, within the negligence count – and not as a separate and independent remedy," [DE 20 at 13], in his Complaint, Plaintiff alleges that NCL's alleged violation of the ISM Code caused his injuries, in part. [DE 4 at ¶ 35]. Thus, Plaintiff has alleged a separate duty owed by NCL to follow the ISM Code. Yet, Plaintiff fails to allege how NCL's alleged violation of the ISM Code caused his injuries. Accordingly, Plaintiff's claim that NCL violated the ISM Code is dismissed with prejudice as this assertion cannot form the basis of a negligence claim.

### 2. *Apparent Agency or Agency by Estoppel (Count III)*

Count III of the Complaint alleges that NCL is liable for the negligence of the Excursion Entities based on a theory of apparent agency or agency by estoppel. Apparent agency is established when: "1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had the authority to act for the benefit of the principal, 2) that such belief was

reasonable and 3) that the claimant reasonably acted on such belief to his detriment." *Doonan v. Carnival Corp.*, 404 F. Supp.2d 1367, 1371 (S.D. Fla. 2005).[5] NCL moves to dismiss Count III for apparent agency because the shore excursion ticket, which states, in part, that "Guest acknowledges that [NCL] cannot control the providers of shore excursions," makes any belief held by Plaintiff that the Excursion Entities had the authority to act on behalf of NCL unreasonable. Additionally, NCL argues that Plaintiff failed to allege any manifestation by NCL that would cause Plaintiff to believe that the Excursion Entities were NCL's apparent agents. [DE 8 at 8-11].

The shore excursion ticket, even if properly considered at the motion to dismiss stage, does not compel dismissal of Count III because whether Plaintiff's reliance on the shore excursion ticket was reasonable is a question of fact not appropriate for a motion to dismiss. *Rinker*, 2010 U.S. Dist. LEXIS 144190, at *12; *Boney v. Carnival Corp.*, 08-22299-CIV-SEITZ (DE 131) (finding that "determination of agency/independent contractor status is a factually intensive issue, and the cruise line ticket is merely one factor relevant to the reasonableness of Plaintiff's belief") (internal citations and quotations omitted). Moreover, NCL contends that Plaintiff fails to satisfy the first element of apparent agency, namely that the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had the authority to act for the benefit of the principal. In support of his claim for apparent agency, Plaintiff alleges that NCL: made all arrangements for excursions, marketed the excursion using its company logo, maintained an excursion desk where it sold excursions and provided information and answered questions about the excursions, charged and collected a fee from Plaintiff for the excursion, and recommended to Plaintiff that he refrain from

---

[5]There is no significant difference between apparent agency and agency by estoppel in Florida. *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1078, n. 15 (11th Cir. 2003).

engaging in excursions, tours, or activities not sold through NCL as NCL has no familiarity with other tours or their operations. [DE 4 at ¶ 47]. Plaintiff also alleges that he received a receipt for payment for the excursion from NCL and that NCL did not disclose to Plaintiff, at any point, that the excursion was run by another entity. [*Id.*]. Upon review of these allegations, Plaintiff has adequately pled his claim for apparent agency as NCL's alleged manifestations are sufficient, at the pleading stage, to cause Plaintiff to believe that the Excursion Entities had authority to act for NCL's benefit, so long as Plaintiff adequately repleads the negligence claim.

### *3. Joint Venture (Count IV)*

In Count IV, Plaintiff alleges that NCL and the Excursion Entities were engaged in a joint venture. A joint venture claim requires Plaintiff to plead facts demonstrating (1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter of the venture; (4) a right to share in profits; and (5) a duty to share in any losses which may be sustained. *See Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir. 1990). When analyzing these factors, the Court is to consider them as "signposts, likely indicia, but not prerequisites." *Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria*, 935 F.2d 208, 211 (11th Cir. 1991). NCL argues that Plaintiff fails to state a claim for joint venture because he has not adequately alleged that NCL and the Excursion Entities intended to create a joint venture nor has he pled that they had a joint proprietary interest in the venture. [DE 8 at 11-13].

First, Plaintiff has sufficiently alleged that NCL and the Excursion Entities intended to create a joint venture as Plaintiff has pled that NCL and the Excursion Entities entered into an agreement whereby NCL made all arrangements for Plaintiff for the excursion operated by the Excursion Entities. [DE 4 at ¶ 23a]. Turning to whether Plaintiff pled a joint proprietary interest, this phrase

10

is defined as "joint ownership of the subject matter of the contract." *Skeen v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 39355, at *13 (S.D. Fla. April 24, 2009) (*quoting Progress Rail Services Corp. v. Hillsborough Reg'l Transit Auth.*, 2005 U.S. Dist. LEXIS 37729, at *3 (M.D. Fla. April 12, 2005)). Upon a review of the factual allegations in the Amended Complaint, Plaintiff adequately pled a joint proprietary interest. Plaintiff alleges that NCL and the Excursion Entities had a joint proprietary and/or ownership interest in the excursion, specifically that NCL arranged, sponsored, recommended, advertised, operated, and sold the excursion and that the Excursion Entities had a proprietary interest in providing labor and/or operating the excursion. [DE 4 at ¶¶ 53, 57]. These allegations coupled with those concerning the other elements of joint venture are sufficient to state a claim for joint venture so long as Plaintiff adequately repleads the negligence claim.

### 4. *Third Party Beneficiary (Count V)*

Finally, in Count V, Plaintiff alleges that he was a third party beneficiary of a contract between NCL and the Excursion Entities. To properly plead a breach of a third-party beneficiary contract, Plaintiff must allege (1) the existence of a contract in which plaintiff is not a party, (2) "an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit" the plaintiff, (3) breach of that contract by one of the parties and (4) damages to plaintiff resulting from the breach." *Rinker*, 753 F.Supp.2d at 1243-44 (*quoting Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1031 (Fla. 4th DCA 1994)). NCL maintains that Plaintiff's claim fails because Plaintiff alleges only that the Excursion Entities, not NCL, breached the contract. Additionally, NCL asserts that Plaintiff has not adequately pled the intent element.

Plaintiff states in his response to NCL's Motion to Dismiss that the Amended Complaint contains a typo and should allege that the contract was breached by the Excursion Entities *and NCL*.

11

[DE 20 at 24]. Overlooking this problem, Plaintiff fails to adequately allege facts indicating that NCL and the Excursion Entities *clearly manifested an intent* for the contract to benefit Plaintiff. Plaintiff must plead facts showing that the parties expressed an intent for the contract to benefit Plaintiff or he must plead the specific contractual provision(s) that was intended to benefit him. Moreover, Plaintiff fails to sufficiently allege facts demonstrating that NCL breached the contract. Accordingly, NCL's motion to dismiss Count V is granted, with leave to replead, if facts exist to support this claim.

### III. CONCLUSION

For the reasons set forth above, it is

ORDERED THAT

(1) Defendant NCL's Motion to Dismiss [DE 8] is GRANTED.

(2) Count I, with the exception of paragraphs 33n, 33o, 33p, 33q, 33r, 33s, 33t, 33aa, 33bb, and 35 (as it pertains to the ISM Code) is DISMISSED WITHOUT PREJUDICE and with leave to replead.

(3) Paragraphs 33n, 33o, 33p, 33q, 33r, 33s, 33t, 33aa, 33bb, and 35 (as it pertains to the ISM Code) of Count I are DISMISSED WITH PREJUDICE.

(4) Counts III, IV, and V are DISMISSED WITHOUT PREJUDICE and with leave to replead.

(5) Plaintiff shall file an Amended Complaint no later than **June 29, 2012.**

DONE and ORDERED in Miami, Florida on this /4 of June, 2012

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
All counsel of record